UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILDEIKER JOSE MUNOZ-MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN FACILITY ADMINISTRATOR NORTHWEST ICE PROCESSING CENTER ET AL.,<br><br>Respondents. | CASE NO. 2:26-cv-04203-JHC<br><br>ORDER |

This matter comes before the Court on Wildeiker Jose Munoz-Martinez's Petition for Writ of Habeas Corpus. Dkt. #1. Petitioner argues that he is entitled to habeas relief because his "re-detention without meaningful process violates the Fifth Amendment." *Id.* at 2. And he requests that the Court grant the writ and order him released under the conditions of his May 13, 2023, Order of Release on Recognizance (OREC), among other things. *See id.* at 3.

After the petition was filed, the Court issued a scheduling order directing Respondents to show cause why a writ of habeas corpus should not be granted. *See* Dkt. # 3. Respondents have not filed a return, nor has any attorney appeared on behalf of any Respondent. *See generally*

Dkt. The Court thus construes this habeas petition as intentionally unopposed and proceeds to the merits of the adjudication.[1]

Here, the petition raises a meritorious claim that Petitioner's re-detention, without prior notice or opportunity to be heard, violates the due process clause of the Fifth Amendment of the U.S. Constitution. *See* Dkt. # 1 at 1–2; *see also* Dkt. # 6 at 3–4 (collecting cases). "And the Government's failure to oppose the petition constitutes forfeiture of the arguments it *could* have made." *Contreras Garcia v. Facility Adm'r, Nw. Ice Processing Ctr.*, 2026 WL 3381534, at *1 (W.D. Wash. Nov. 7, 2026) (emphasis in original and citations omitted). The Court thus concludes that Petitioner has shown by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States" and is entitled to habeas relief. *See* 28 U.S.C. § 2241(c).

Accordingly, the Court GRANTS the petition (Dkt. # 1) and ORDERS as follows:

(1) Respondents shall release Petitioner from custody within 24 hours and restore his previous conditions of release, i.e., the conditions of release set forth in his May 13, 2023 OREC.

(2) Respondents shall file a status report by November 14, 2026, confirming that Petitioner has been released.

---

[1] On October 26, 2026, the Honorable David G. Estudillo, Chief Judge of this District, received a letter from the U.S. Attorney's Office (USAO) for the Western District of Washington. *See* Dkt. # 6-1. The letter represented that the USAO will continue to review habeas petitions filed in this District but going forward, "there will be many habeas cases in which the USAO will no longer assume responsibility for providing a defense on behalf of the respondents." *Id.* at 2. It also stated that "if the USAO does not file a Notice of Appearance in a case within seven court days of the issuance of a standard scheduling order, the Court may assume that the USAO will not be filing a response to the Petition." *Id.* And it clarified that in such cases, "the USAO will take no responsibility for facilitating the processing of the case through the District Court nor will it serve as a conduit for communications between the District Court and respondents in the case." *Id.*

(3) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate.

(4) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to ICE and EOIR at the following email addresses: OPLASeattlefedlit@ice.dhs.gov; TacomaLEOs@ice.dhs.gov; OCIJ.Habeas.Orders@usdoj.gov.

Dated this 13th day of November, 2026.

John H. Chun
United States District Judge